RECEIVED AND FILED
KENNEBEC SUPERIOR COURT

JAN 29 2002

NANCY DESJARDIN
CLERK OF COURTS

STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO.  CR-00-124

JMS - KEN - 1/22,

DAVID KNOLL

       Petitioner

  V.

STATE OF MAINE

       Respondent

**DECISION**

DONALD L. GARBRECHT
LAW LIBRARY

APR 3 2002

The Petitioner, David Knoll, has filed six Petitions for Post Conviction Review pursuant to 15 M.R.S.A. §2121-2132.  The Petitioner is seeking review of the following criminal judgments: Ken-CR-98-119, Ken-CR-98-245, Ken-CR-98-393, Ken-CR-98-399, Andro-CR-98-136, and Andro-CR-98-241.  These cases were consolidated for plea and sentencing proceedings in Kennebec County.  Petitioner was charged with multiple counts of burglary and theft by unauthorized taking.  He plead guilty to all of the charges against him on October 2, 1998 and was sentenced on October 30, 1998.  Thereafter, Petitioner filed an application to appeal his sentence.  On June 8, 1999, the Law Court remanded the case back to the Superior Court for clarification of the sentences.  The court amended the sentences on September 3, 1999.  The Petitioner was sentenced to a total of twenty years with all but fifteen years suspended and ten years probation.  He was also ordered to pay $20,000 in restitution.  After amending the sentences, the Superior Court returned the case to the Sentence Review Panel which denied Petitioner's application to appeal his sentence on October 15, 1999.

The Petitioner is represented by attorney Benet Pols and the State is represented by Paul Rucha, Assistant District Attorney, Kennebec and Somerset District Attorney's Office.  The Petitioner has alleged the five grounds of Post Conviction Review as follows:

Ground One:  Petitioner did not have a requisite mental competence to enter into a plea agreement.

Ground Two:  Petitioner was and is incompetent to stand trial.

Ground Three:  Ineffective assistance of counsel because:  1. his attorney failed to request a forensic evaluation in accordance with 15 M.R.S.A. §101-B, 2.  Petitioner's attorney failed to file a Motion to Suppress any statements made by Petitioner taking into consideration the Petitioner's mental deficiencies.  3. Petitioner's attorney failed to prevent the defendant from engaging in interviews  with law enforcement officers until evaluation by the forensic services had been completed.

Ground Four:  Ineffective assistance of counsel because Petitioner's attorney failed to adequately respond to prejudicial issues raised by the prosecution during the Rule 11 proceeding.

Ground Five:  The Petitioner was denied his opportunity to withdraw his plea of guilty or to be re-sentenced by a different judge when the sentencing court exceeded the limitations of the cap recommendation negotiated by the Office of the District Attorney and the Petitioner's attorney.

GROUND ONE

This court finds that the evidence fails to show that there is sufficient evidence to justify  post conviction relief pursuant to Ground One.  The evidence which was submitted to the court during the post conviction review hearing consisted of a Stage II Report by Dr. Newcomb dated April 20, 2001 (Joint Exhibit #1); a Stage I Evaluation Report by Katherine Thomas, Ph.D. dated October 31, 2000 (Joint Exhibit #2); and a Stage II Evaluation Report by Katherine Thomas, Ph.D. dated April 17, 2001 (Joint Exhibit #3). These documents clearly indicate that the petiitioner David Knoll was competent at the time he underwent his plea and was criminally

2

responsible for the action which gave rise to the pending charges. There was some evidence indicating that the Petitioner was illiterate and was mildly retarded; however, both experts who conducted the examinations indicated that in their opinion they believed that he was well able to assist in his defense and was criminally responsible for his actions. Whether or not David Knoll was illiterate is not the issue before the court, the central question surrounds his competence to enter into a plea and his criminal responsibility. There was no evidence introduced which indicated that David Knoll was incompetent at the time of his plea and no evidence indicating he was not responsible for the crimes to which he plead guilty. For the reasons stated above, Ground One has not been established by the evidence before the court.

### GROUND TWO

Similar to Ground One, the Petitioner alleges that he was and is incompetent to stand trial. As indicated in a prior paragraph, the medical evidence contained in Joint Exhibits #1, #2, and #3, clearly indicate that he was competent to stand trial. There is no evidence on the record from any expert which states that the Petitioner was incompetent at the time of the pending charges against him. Ground Two must fail for the same reasons as stated above.

### GROUND THREE

Here again the Petitioner's allegations surround the apparent incompetence and mental deficiencies of the Petitioner. Ground Three states that an ordinary fallible attorney would have pursued different angles of defense given the Petitioner's incompetence and mental deficiencies. Specifically, Ground Three states that the Petitioner's attorney should have requested a forensic evaluation in accordance with Title 15. The information contained in Joint Exhibits #1, #2, and #3 submitted to the court clearly indicate that it wouldn't have made any difference. There is no evidence to suggest that had a forensic evaluation been done it would have been able to be used by the Petitioner's attorney to

3

prove that the petitioner was incompetent at trial or that he was not criminally responsible for his actions.

Also under Ground Three, the Petitioner's attorney specifically indicates that the attorney should have filed a Motion to Suppress. Once again this claim of ineffective assistance of counsel centers around the Petitioner's apparent mental deficiencies that could have been used to attack the admissions made by the petitioner as being involuntary.Once again, there is no medical evidence to support the allegation that the Petitioner's trial attorney could have used the petitioner's mental incompetence to supress his admissions. The attorney for the Petitioner clearly indicated that in his opinion the Petitioner was well aware of the surroundings about him, was well aware of the charges, and indicated to the attorney that he was telling the truth the time that he talked to the law enforcement officers. There was no indication given to the trial attorney that he was coerced in any way to give the incriminating statements.

A specific allegation contained in Ground Three centers around a claim that the Petitioner's trial attorney should have prevented him from engaging in further interviews and contacts with law enforcement until evaluation by the State Forensic Services had been completed. As indicated above, the Title 15 Exams which are contained in Joint Exhibits #1, #2, and #3 do not give rise to any indication that the Petitioner was incompetent and was not in a position to engage in further interviews and contacts with law enforcement. The interviews and contacts with law enforcement were for the purpose of showing that he was cooperating with law enforcement.For the above reasons Ground Four must fail.

### GROUND FOUR

This claim by Petitioner relates to some of the statements made by the prosecutor in his argument during the sentencing process. Petitioner indicated that he was upset with the fact

4

that the District Attorney was able to indicate to the court that the Petitioner had engaged in criminal conduct upon his entry into the State of Maine. Petitioner states that he had been living in the State of Maine for a period of time, and his criminal conduct did not begin immediately upon entering the state. Petitioner alleges that his attorney failed to address these issues. Furthermore, Petitioner also alleges that the prosecutor falsly stated that he was on pretrial bail when he committed the offenses. He indicated that his attorney failed to respond to these incorrect prejudicial statements made by the prosecutor.

The record shows that on page 34 of the sentencing transcript the Petitioner indicated to the court that he disagreed with the District Attorney relative to his being out on bail on the Kennebec County charges at the time that he got involved in this conduct.

Further, the petitioner's attorney, Gregory Bernstein, on page 18 of the sentencing transcript clearly indicates that he took issue with some of the procedural facts which were laid out by the prosecuting attorney. This court finds that the Petitioner's attorney did deal with the prejudicial issues that the Petitioner alleges were not addressed. This court further finds that these prejudicial issues were insignificant compared to the other factors facing the defendant during the sentencing process. For the reasons stated the court finds that Ground Four is without merit.

### GROUND FIVE

The allegations contained in Ground Five are also without merit because the defendant's sentence was amended by the sentencing judge following the remand from the sentence review panel. The sentence review panel had a problem with the sentence because it wasn't clear what the trial judge intended. In order to give clarification, the case was remanded back and the trial judge amended the sentence. The amended sentence made it very clear that the judge did not intend to violate the cap agreement

5

entered into between the prosecuting attorney and the Petitioner's attorney. The court did not reject the underlying plea agreement. Following the remand by the sentence review panel it was corrected and the true intent of the trial judge was to follow the recommended plea agreement. For this reason, the Petitioner was not in a position of a defendant who was confronted with a situation where the trial judge rejected the underlying plea agreement. For this reason Ground Five is without merit.

CONCLUSION

For all of the reasons stated above, the Petitioner's Request for Post Conviction Review is DENIED.

DATED:_____ 1-29-07

Joseph M. Jabar
Justice, Superior Court

DAVID KNOLL
  vs
STATE OF MAINE

## DOCKET RECORD

PL. DOB: 08/13/1967
PL. ATTY: BENET POLS
      APPOINTED 01/25/2000

State's Attorney: DAVID CROOK

Filing Document: PETITION
Filing Date: 05/01/2000

Major Case Type: POST CONVICTION REVIEW

## Charge(s)

## Docket Events:

05/02/2000 FILING DOCUMENT - PETITION FILED ON 05/01/2000

05/02/2000 POST CONVIC. REVIEW - REVIEW SENT FOR REVIEW ON 05/02/2000

      FORWARDED TO JUSTICE STUDSTRUP FOR REVIEW  CR-98-119
05/04/2000 ATTORNEY - APPOINTED ORDERED ON 01/25/2000

      Attorney:  BENET POLS
      ATTORNEY FOR PARTY 001 PLAINTIFF
05/08/2000 OTHER FILING - ORDER FILED ON 05/05/2000

      COPIES TO PARTIES/COUNSEL                           ANDRO-CR-00-197
      & 198 TO TRANSFER TO KENNEBEC TO BE CONSOLIDATED WITH KEN-CR-00-124, 127, 128, AND 129 AND
      THE MATTERS ARE STAYED PENDING APPEAL.  MATTER TO BE REVIEWED WHEN DECISION FROM LAW COURT
      IS FILED.  WAL-CR-00-102 IS SUMMARILY DISMISSED WITH PREJUDICE.  S/STUDSTRUP
05/22/2000 OTHER FILING - ORDER FILED ON 05/19/2000

      COPIES TO PARTIES/COUNSEL AND ANDROSCOGGIN COUNTY           ON MAY 5, 2000,
      THIS COURT CONSOLIDATED THE FOLLOWING POST-CONVICTION REVIEW PETITIONS:  ANDRO-CR-00-197 &
      198, KEN-CR-00-124, 127, 128 & 129.  TO CLARIFY THIS ORDER, THE COURT ORDERS ALL OF THESE
      PETITIONS CONSOLIDATED FOR HEARING AND FILING UNDER KEN-CR-00-124.  S/STUDSTRUP
06/14/2000 POST CONVIC. REVIEW - ASSIGNMENT ASSIGNED TO DOCKET ON 06/12/2000

      ORDER DATED JUNE 12, 2000.  S/STUDSTRUP, J.                COPY ISSUED TO
      COUNSEL
06/26/2000 MOTION - MOTION FOR EXTENSION OF TIME FILED BY STATE ON 06/23/2000

      NO OBJECTION
06/30/2000 MOTION - MOTION FOR EXTENSION OF TIME GRANTED ON 06/28/2000

      COPY TO PARTIES/COUNSEL                           MOTION GRANTED
      AND ORDERED THAT THE STATE SHALL RESPOND TO ANY AMENDED PETITION WITHIN 20 DAYS OF FILING
      OF THE PETITION.  S/STUDSTRUP.
06/30/2000 MOTION - OTHER MOTION FILED BY DEFENDANT ON 06/30/2000

      DEFENDANT'S REQUEST TO FILE AN AMENDED PETITION.  (REQUEST WAS FILED DIRECTLY WITH J.
      STUDSTRUP ON 6/28/00.
06/30/2000 MOTION - OTHER MOTION GRANTED ON 06/30/2000

COPY TO PARTIES/COUNSEL REQUEST GRANTED
AND PETITIONER ALLOWED AN ADDITIONAL 45DAYS TO FILE ANY AMENDED PETITION. S/STUDSTRUP, J.
ORDER DATED AND SIGNED ON JUNE 28, 2000.

09/12/2000 SUPPLEMENTAL FILING - AMENDED PETITION FILED ON 09/12/2000

09/12/2000 MOTION - MOTION FOR MENTAL EXAMINATION FILED BY DEFENDANT ON 09/12/2000

10/02/2000 MOTION - MOTION FOR EXTENSION OF TIME FILED BY STATE ON 10/02/2000

TO FILE POST CONVICTION RESPONSE, NO OBJECTION BY PETITIONER. S/RUCHA, ADA

10/04/2000 MOTION - MOTION FOR EXTENSION OF TIME GRANTED ON 10/03/2000
JOHN R ATWOOD , JUSTICE
COPY TO PARTIES/COUNSEL THE COURT
HEREBY ORDERS THAT THE STATE RESPOND TO THE AMENDED PETITION BY OCTOBER 22, 2000.

10/04/2000 MOTION - MOTION FOR MENTAL EXAMINATION GRANTED ON 10/03/2000
JOHN R ATWOOD , JUSTICE
COPY SENT TO STATE FORENSIC SERVICE COPY FAXED TO
L. DAY AT STATE FORENSIC SERVICE
DEF IS SCHEDULED FOR AN EXAMINATION ON
10/27/00 AT 9:00 A. M.

10/04/2000 PSYCHIATRIC EXAM - STAGE ONE EXAM ORDERED ON 10/03/2000
JOHN R ATWOOD , JUSTICE

10/23/2000 POST CONVIC. REVIEW - RESPONSE TO PETITION FILED ON 10/20/2000

RESPONDENTS ANSWER TO THE AMENDED PETITION.

11/07/2000 PSYCHIATRIC EXAM - STAGE ONE REPORT FILED ON 11/07/2000

COPIES FORWARDED TO ATTORNEYS OF RECORD

11/15/2000 MOTION - MOTION FOR MENTAL EXAMINATION FILED BY DEFENDANT ON 11/15/2000

MOTION FOR STAGE II EXAM.

11/17/2000 OTHER FILING - OTHER DOCUMENT FILED ON 11/16/2000

STATE'S OBJECTION TO THE STAGE II EXAMINATION.

11/30/2000 MOTION - MOTION FOR MENTAL EXAMINATION DENIED ON 11/27/2000
DONALD H MARDEN , JUSTICE
COPY TO PARTIES/COUNSEL. AFTER EXAMINATION OF THE SENTENCING TRANSCRIPT, MOTION DENIED.

12/05/2000 MOTION - MOTION TO RECONSIDER FINDING FILED BY DEFENDANT ON 12/05/2000

DENIAL OF DEFENDANT'S MOTION FOR STAGE II EVALUATION.

03/14/2001 MOTION - MOTION TO RECONSIDER FINDING GRANTED ON 03/08/2001
DONALD H MARDEN , JUSTICE
COPY TO PARTIES/COUNSEL PETITIONER'S
MOTION TO RECONSIDER DENIAL OF DEFENDANT'S MOTION FOR STAGE IIEVALUATION IS GRANTED; THE
MATTER HAS BEEN RECONSIDERED; THE COURT ORDERS A STAGE II EVALUATION BE CONDUCTED AND WILL
ISSUE ITS APPROPRIATE ORDER ACCORDINGLY. S/MARDEN, J.

03/15/2001 PSYCHIATRIC EXAM - STAGE TWO EXAM ORDERED ON 03/14/2001
DONALD H MARDEN , JUSTICE
COPIES ISSUED TO COUNSEL AND STATE FORENSIC
EXAMINATION IS SCHEDULED FOR
APRIL 20TH AT 9:15 A. M. WITH DR. NEWCOMB

03/30/2001 WRIT - HABEAS CORPUS TO TESTIFY ORDERED ON 03/30/2001

03/30/2001 WRIT - HABEAS CORPUS TO TESTIFY ISSUED ON 03/30/2001

CERTIFIED COPY TO SHERIFF DEPT.
04/23/2001 PSYCHIATRIC EXAM - STAGE TWO REPORT FILED ON 04/23/2001

PSYCHIATRIC PORTION OF STAGE II FILED.
06/04/2001 PSYCHIATRIC EXAM - STAGE TWO REPORT FILED ON 06/01/2001

PSYCHIATRIC PORTION OF STAGE TWO EXAM FILED.
08/10/2001 POST CONVIC. REVIEW - PCR CONFERENCE SCHEDULED FOR 08/07/2001 @ 8:30

08/10/2001 POST CONVIC. REVIEW - PCR CONFERENCE HELD ON 08/07/2001
NANCY MILLS , SUPERIOR COURT CHIEF JUSTICE
Attorney: BENET POLS

DA: PAUL RUCHA
08/10/2001 POST CONVIC. REVIEW - ORDER RESULTING FROM PCR CONF FILED ON 08/07/2001
NANCY MILLS , SUPERIOR COURT CHIEF JUSTICE
PETITION WILL BE AMENDED WITHIN 30 DAYS.  EVALUATION & SENTENCINGS TRANSCRIPTS.  1/2 DAY
HEARING.
08/30/2001 SUPPLEMENTAL FILING - AMENDED PETITION FILED ON 08/28/2001

Attorney: BENET POLS
SECOND AMENDED PETITION FOR POST-CONVICTION REVIEW FILED BY BENET POLS
09/12/2001 POST CONVIC. REVIEW - RESPONSE TO PETITION FILED ON 09/12/2001

RESPONDENTS AMENDED ANSWER TO SECOND AMENDED PETITION.
10/01/2001 POST CONVIC. REVIEW - EVIDENTIARY HEARING SCHEDULED FOR 10/09/2001 @ 9:00

10/01/2001 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 10/01/2001

NO OBJ BY DA
10/03/2001 MOTION - MOTION TO CONTINUE GRANTED ON 10/02/2001
THOMAS D WARREN , JUSTICE
COPY TO PARTIES/COUNSEL
11/26/2001 HEARING - EVIDENTIARY HEARING SCHEDULED FOR 01/07/2002 @ 9:00

NOTICE TO PARTIES/COUNSEL
11/26/2001 HEARING - EVIDENTIARY HEARING NOTICE SENT ON 11/26/2001 @ 9:00

12/14/2001 WRIT - HABEAS CORPUS TO TESTIFY ISSUED ON 01/07/2001 @ 9:00

CERTIFIED COPY TO SHERIFF DEPT.
12/17/2001 POST CONVIC. REVIEW - EVIDENTIARY HEARING NOT HELD ON 10/09/2001

12/31/2001 WRIT - HABEAS CORPUS TO TESTIFY ISSUED ON 12/31/2001

CERTIFIED COPY TO SHERIFF DEPT.

FOR AARON MILLER-MAINE STATE
PRISON.
12/31/2001 WRIT - HABEAS CORPUS TO TESTIFY ISSUED ON 12/31/2001

CERTIFIED COPY TO SHERIFF DEPT.

FOR LAWRENCE LEWIS AT MAINE

STATE PRISON
12/31/2001 WRIT - HABEAS CORPUS TO TESTIFY ISSUED ON 12/31/2001

CERTIFIED COPY TO SHERIFF DEPT.

FOR RICHARD STEVENS AT MAINE

STATE PRISON
12/31/2001 WRIT - HABEAS CORPUS TO TESTIFY ISSUED ON 12/31/2001

CERTIFIED COPY TO SHERIFF DEPT.
01/16/2002 WRIT - HABEAS CORPUS TO TESTIFY ISSUED ON 01/18/2002

CERTIFIED COPY TO SHERIFF DEPT.
01/16/2002 HEARING - EVIDENTIARY HEARING SCHEDULED FOR 01/07/2002 @ 8:15

NOTICE TO PARTIES/COUNSEL
02/07/2002 HEARING - EVIDENTIARY HEARING HELD ON 01/07/2002
         JOSEPH M JABAR , JUSTICE
         Attorney:  BENET POLS

         DA:   PAUL RUCHA          Reporter: PHILIP GALUCKI
         Defendant Present in Court
02/07/2002 HEARING - EVIDENTIARY HEARING CONTINUED ON 01/18/2002

02/07/2002 HEARING - EVIDENTIARY HEARING SCHEDULED FOR 01/08/2002 @ 8:15

NOTICE TO PARTIES/COUNSEL
02/07/2002 HEARING - EVIDENTIARY HEARING HELD ON 01/18/2002
         JOSEPH M JABAR , JUSTICE
         Attorney:  BENET POLS

         DA:   PAUL RUCHA          Reporter: JANETTE COOK
         Defendant Present in Court
         TAKEN UNDER ADVISEMENT
02/07/2002 POST CONVIC. REVIEW - PCR DETERMINATION UNDER ADVISEMENT ON 01/18/2002

02/07/2002 OTHER FILING - ORDER FILED ON 01/29/2002
         JOSEPH M JABAR , JUSTICE
         COPIES TO PARTIES/COUNSEL
02/07/2002 FINDING - DENIED ENTERED BY COURT ON 01/29/2002


A TRUE COPY
ATTEST: _____
                    Clerk